**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DEAN F. CONRAD,**

                      **Plaintiff,**                      **05-CV-0695A(Sr)**

**v.**

**TOYOTA MOTOR MANUFACTURING, et al.,**

                      **Defendants.**

---

**REPORT, RECOMMENDATION AND ORDER**

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b).  Dkt. #14.

Plaintiff, represented by counsel, commenced this action seeking compensation for injuries he sustained while working on a press during the course of his employment on August 19, 2002.  Dkt. #1.  However, plaintiff's counsel's motion to withdraw as counsel was granted on March 14, 2006.  Dkt. #20.  Plaintiff was ordered to either retain a new attorney to appear at the status conference scheduled for May 22, 2006 or to appear at that conference *pro se.*  Dkt. #20.  At a subsequent status conference on June 12, 2006, plaintiff advised the Court that new counsel was evaluating plaintiff's case and requested a 30-day adjournment, which was granted.  By letter dated June 21, 2006, that attorney advised the Court that he would not undertake representation of plaintiff in this action.

After plaintiff failed to appear at a scheduled status conference before this Court on August 22, 2006, the Court ordered that plaintiff appear before the undersigned on September 26, 2006 at 10:00 a.m. and show cause why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Dkt. ##27 & 28. Plaintiff failed to appear or otherwise respond to the Order to Show Cause. Dkt. #29.

Defendants moved to dismiss this action for failure to prosecute. Dkt. ##33, 34. 37, 41. In response to defendants' motions, the plaintiff advised, by letter dated October 25, 2006, that because he has been unable to retain counsel to represent him and had "previously been informed not to come to court without legal representation[, he had] no other alternatives than not to pursue the case." As this Court has never suggested that plaintiff would be prevented from prosecuting this action on his own behalf, the Court reiterated to plaintiff that he could proceed *pro se* and afforded him another opportunity to serve and file papers in response to defendants' motions to dismiss this case for failure to prosecute. Dkt. #42. However, plaintiff did not respond. As a result, it is recommended that the Court exercise its discretion, pursuant to Fed. R. Civ. P. 41(b), to dismiss this action for failure to comply with a court order and failure to prosecute.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of</u>

<u>Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and the attorney for the defendant.

**SO ORDERED**.

DATED:   Buffalo, New York
         November 28, 2006

                                         <u>S/ H. Kenneth Schroeder, Jr.</u>
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**